# United States Court of Appeals
## For the First Circuit

---

No. 10-1350

IN RE: THE NATIONAL ORGANIZATION FOR MARRIAGE, ET AL.,

Petitioners.

No. 10-1354

THE NATIONAL ORGANIZATION FOR MARRIAGE, ET AL.,

Plaintiffs, Appellants,

v.

WALTER F. MCKEE, in his official capacity as member of the
Commission on Governmental Ethics and Election Practices, et al.,

Defendants, Appellees.

---

MATTHEW DUNLAP, in his official capacity as
Secretary of the State of Maine,

Defendant.

---

Before

Lipez, Howard and Thompson,
<u>Circuit Judges</u>.

---

**JUDGMENT**
**Entered: June 7, 2010**

Appellant-Petitioners The National Organization for Marriage ("NOM") and American Principles in Action ("APIA") seek review of the district court's discovery order of February 17,

2010. Appellants have pending both an interlocutory appeal, which the district court did not authorize but which Appellant-Petitioners argue this court should hear under the collateral order doctrine, and a petition for writ of mandamus. In response to a "show cause" order entered by this court and in the process of requesting and opposing a stay of enforcement from this court, the parties have filed briefs addressing the merits of the dispute to some degree. To avoid further delay of proceedings in the district court, we will dispense with further briefing.

We will assume without deciding that the collateral order doctrine allows for review of the challenged discovery order. See Restoration Pres. Masonry, Inc. v. Grove Europe, Ltd., 325 F.3d 54, 59 (1st Cir. 2003) (court may bypass statutory jurisdictional issues). Having reviewed relevant portions of the record, including the affidavits Appellant-Petitioners belatedly offered before the district court, we conclude that Appellant-Petitioners failed to make "a prima facie showing of a first amendment infringement." United States v. Comley, 890 F.2d 539, 544 (1st Cir. 1989); see also Buckley v. Valeo, 424 U.S. 1, 60-84 (1976). The speculative testimony set forth in the affidavits Appellant-Petitioners offered does not establish a significant risk of chill stemming from disclosure severely limited by the entry of a strict litigation protective order.

Moreover, Appellees have a compelling interest in defending Maine's election laws against charges of unconstitutionality. Ruthardt v. United States, 303 F.3d 375, 386 (1st Cir. 2002) (discussing state's interest in defending laws against charges of unconstitutionality); see also Buckley v. American Constitutional Law Foundation, Inc., 525 U.S. 182, 204-05 (1999) (discussing generally the importance of state oversight of elections). In this case, that interest extends to review of the documents in question. In framing some of their underlying constitutional challenges to Maine's election laws, Appellant-Petitioners have made relevant the issue of whether NOM has as one its primary purposes the influencing of ballot questions and/or candidate elections. We conclude that the materials in question have the potential to be highly relevant to that issue, and we see no less restrictive means for Appellees to probe the issue than by reviewing the materials under the auspices of the strict protective order to which Appellees have consented. Accordingly, pursuant to Local Rule 27.0(c) we summarily **AFFIRM** the ruling of the district court. Because Appellant-Petitioners have not demonstrated "a clear entitlement to the relief requested," mandamus relief is **DENIED**. In re Cargill, 66 F.3d 1256, 1260 (1st Cir. 1995). The stay entered by this court on May 28, 2010, is hereby **LIFTED**.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Hon. John H. Rich III
Linda L. Jacobson, Clerk.
Benjamin Kittredge Grant
James Bopp Jr.
Jeffrey Gallant
Joseph Vanderhulst
Josiah Neeley
Phyllis Gardiner
Randy Elf
Stephen C. Whiting
Thomas A. Knowlton